# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**JARELL DAVIS TERRY**                                                      **PETITIONER**

### No. 4:26-cv-00114 JM/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**                    **RESPONDENT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Jarell Davis Terry ("Terry") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.  In 2018, Terry was convicted in Drew County of first-degree

1

murder, aggravated robbery, and theft of property.  He was sentenced to two terms of life imprisonment and 15 years.

Terry has previously sought habeas corpus relief with the Court.  Terry filed his first federal habeas corpus case in December 2020.  *See Terry v. Payne*, No. 4:20-cv-01440.  In that case, Terry raised four claims for relief:  (1) Insufficiency of the evidence; (2) double jeopardy; (3) juror misconduct; and (4) due process violations. The petition was denied, and Judgment entered on July 14, 2021.  Terry's motion for reconsideration was denied on August 19, 2021.  Terry appealed, and the Eighth Circuit Court of Appeals denied his application for a certificate of appealability on October 18, 2021.

Terry filed a second petition for writ of habeas corpus on October 4, 2022. *See Terry v. Payne*, No. 4:22-cv-00941.  Terry advanced four claims:  (1) his sentence was illegal or otherwise excessive because the sentencing order was incorrect; (2) his arrest was unlawful because the warrant supporting his arrest was not signed by a judge; (3) double jeopardy; and (4) actual innocence of first-degree murder because the evidence did not establish that he was an accomplice to murder and because the jury instructions were improper.

Respondent Payne moved to dismiss the petition as a second or successive petition. Terry replied, offering reasons why the petition should be addressed. The

undersigned found the reasons were unconvincing, recommended the petition be dismissed without prejudice, and directed Terry to seek and obtain authorization from the Eighth Circuit Court of Appeals to file his petition.  United States District Judge James M. Moody, Jr. approved and adopted the undersigned's recommendation, and the petition was dismissed without prejudice on February 3, 2023.  Terry appealed, and the Eighth Circuit Court of Appeals denied his application for a certificate of appealability on April 3, 2023.

Terry filed the instant petition on February 3, 2026.  Doc. No. 1.  He alleges two claims for relief: (1) ineffective assistance of counsel/mental incompetence; and (2) double jeopardy.  28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application."  (Emphasis added).  The statutory language is clear that permission must be received before the filing of a successive petition with the district court.  *Burton v. Stewart*, 549 U.S. 147 (2007).  "The long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his" successive petition, and the District Court was therefore without jurisdiction to entertain it.  *Id.* at 157.  Terry concedes that he has twice sought habeas corpus relief with this Court, and he does not demonstrate he has been

authorized by the Eighth Circuit Court of Appeals to proceed with the current petition.  Doc. No. 1, page 11.

Because Terry has not obtained the requisite permission from the Eighth Circuit Court of Appeals, this Court recommends that the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.[1]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right and recommends that the certificate of appealability be denied.

IT IS SO ORDERED this 5th day of May, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] *Sua sponte* dismissals are disfavored.  *See Haley v. Dormire*, 845 F.2d 1488 (8th Cir. 1988).  Even so, the undersigned recommends *sua sponte* dismissal in this instance. Service should not be ordered, and judgment should be entered for the respondent.